**Juan OSORIO–ARRAZOLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72204.**

**Agency No. A76–671–097.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Susan Houser, Esq., Richard M. Evans, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Juan Osorio–Arrazola, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence credibility determinations, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and review de novo claims of due process violations in immigration proceedings, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's finding that Osorio did not meet his burden of demonstrating eligibility for asylum through credible, direct, and specific evidence. *See Singh–Kaur*, 183 F.3d at 1149. Osorio's testimony regarding his involvement in the political party "PAN" was vague and he failed to produce documentary evidence to support his claim. Thus, the record does not compel the conclusion that he was persecuted on account of political opinion or particular social group membership. *See id.* at 1152–53. Accordingly, Osorio failed to establish eligibility for asylum or withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Osorio's contention that the BIA's summary affirmance violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). We need not consider separately whether the BIA erred by streamlining petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (noting that the merits determination and decision to streamline ordinarily collapse into one another).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Osorio's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**